UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:95-CR-41-03 |
| Plaintiff, | Hon. Richard Alan Enslen |
| v. | |
| ROY JOHNSON, | **OPINION** |
| Defendant.          / | |

This matter is before the Court on Defendant Roy Johnson's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Motion is opposed by the United States of America.

**I.     BACKGROUND**

On March 23, 1995, a federal grand jury indicted Defendant with one count of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). Defendant pled guilty to the charge and faced a sentence under the United States Sentencing Guidelines ("USSG") of 210 to 262 months imprisonment. The government moved for a downward departure and on February 14, 1996, Defendant was sentenced to a term of imprisonment of 108 months to be followed by a five-year term of supervised release. This sentence reflected a six-level downward departure for Defendant's substantial assistance pursuant to USSG § 5K1.1. On June 16, 1997, the government moved under Rule 35(b) for a reduction in sentence based on post-conviction substantial assistance in prosecution. Defendant's sentence was amended to 60 months imprisonment on November 20, 1997.

Defendant's supervised release began on November 1, 1999. In March 2003, the United States Probation Office requested the Court modify the conditions of his supervised release.

Allegedly, Defendant failed to: keep a stable residence, pay his child support, and report to the probation officer as required. The request for modification was granted on April 15, 2003, and Defendant was placed on electronic monitoring for six months.

In March 2004, the Probation Officer submitted a Report stating that Defendant tested positive for the use of cocaine. Defendant was put in drug testing and treatment, but no further action was recommended at the time. On March 24, 2004, the United States Probation Office petitioned the Court to revoke his supervised release due to his continued use of cocaine, making false statements on his monthly reports, and failure to pay child support. The Court held a revocation hearing on June 30, 2004 and sentenced Defendant to 45 days in prison and 24 additional months of supervision, 12 of those months to be spent in a halfway house.

On November 15, 2004, the Probation Office filed a petition alleging Defendant had again violated the conditions of his supervised release by failing to observe the rules of the halfway house. On December 8, 2004, an additional violation was added to the November petition, which alleged Defendant violated his supervised release by failing to notify the Probation Office within 72 hours of contact with the police. Defendant had been issued a ticket for speeding in a 55 mph construction zone.

On December 9, 2004, the Court held another revocation hearing. Defendant admitted to both violations, and the Court revoked supervision. Under the USSG, with a Grade C violation and a criminal history of III, Defendant faced an advisory guideline range of five to eleven months imprisonment. The Court sentenced Defendant to 48 months imprisonment with no subsequent supervised release after a long, exhaustive recitation of Defendant's repeated bad behavior and violations. (Violation Hr'g Tr. 18-23.)

On December 14, 2004, Defendant, through counsel, appealed his sentence to the Sixth Circuit Court of Appeals arguing the sentence was plainly unreasonable. The Sixth Circuit affirmed the Court's sentence on April 27, 2006. Defendant then filed the present Motion to Vacate.

## II.  CONTROLLING STANDARDS

Under 28 U.S.C. § 2255, a prisoner may bring a motion to vacate, set aside or correct his sentence if he believes: (1) it was imposed in violation of the Constitution or a statute; (2) that the court was without jurisdiction to sentence him; (3) that his sentence exceeds the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases [of error]: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). Claims of non-constitutional error present an even higher burden:

> To prevail on a 2255 motion alleging non-constitutional error, the [movant] must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

*Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). This being Defendant's first collateral attack on his Judgment *via* section 2255, his Motion is properly before this Court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

3

### III.    ANALYSIS

A.    Invalid Sentence

Defendant appears to argue his 48 month sentence is unconstitutional for the reason that it is unreasonable, namely because it exceeded the advisory guideline range and the Court failed to articulate the reasons for imposing a sentence which exceeded the recommended guideline range. "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence" on the proceedings. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003). In this instant action, Defendant argues he has alleged a constitutional violation for the reason he has alleged his sentence is unconstitutional. The Court finds that even reading Defendant's pleadings liberally, this circular reasoning lacks merit. The Court finds Defendant has merely alleged his sentence is plainly unreasonable. Therefore, under section 2255, Defendant must show that this sentence was so unreasonable that it rises to a level of a "complete miscarriage of justice" or a violation of due process. *Watson*, 165 F.3d at 488.

Defendant's claim that his sentence is plainly unreasonable was litigated on direct appeal. It is "well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances such as an intervening change in law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). Defendant argues he is not re-litigating the same claim; however, his argument and his case citations are in fact verbatim to those contained and addressed in the Sixth Circuit's opinion which affirmed his sentence. (See 6th Cir. Op., Dkt. No. 378.) Further, Defendant argues that the reason his sentence is unreasonable is because the Court failed to articulate the

4

reasons for the upward adjustment of the sentence. However, as is abundantly clear from the record, the Court described in detail the reasons for departing from the advisory range, detailing Defendant's numerous and repeated violations of supervised release as well as the Court's belief that Defendant had violated the Court's trust especially after having received multiple and substantial downward departures. (Violation Hr'g Tr. 18-23.) As Defendant has not alleged any intervening change in law that could be considered an exceptional circumstance,[1] nor has Defendant presented a valid argument, Defendant is barred from re-litigating the claim he lost on direct review.

B.  Ineffective Assistance of Counsel

Defendant claims he suffered ineffective assistance of counsel at the trial and appellate level. In order to prevail on a claim of ineffective assistance, a defendant must show: (1) that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and; (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the Court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight."). The Supreme Court has recognized that a trial attorney faces a myriad of different decisions. *Engle v. Isaac*, 456 U.S. 107, 133 (1982). When counsel has overlooked or chosen to omit a possible argument, it does not give rise to a constitutionally deficient performance. *Id.* at 133-34. The same holds true for

---

[1] To the extent Defendant mentions *United States v. Booker*, 543 U.S. 220 (2005), this is not an intervening change in law as it was decided well before Defendant's appeal was decided by the Sixth Circuit in 2006.

5

appellate counsel. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Under the second prong of the test, the defendant must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Defendant argues his trial counsel was constitutionally deficient because counsel failed to object to the 48 month sentence once he received it and because counsel did not present any mitigating evidence to the Court. The Court finds that Defendant's argument is without merit. Defendant's counsel *did* present mitigating evidence to the Court by way of documents, letters and witnesses. (Violation Hr'g Tr. 14-16.) Defendant also addressed the Court himself and expounded upon his addiction and the effect of it upon his family. (*Id*. at 10-13.) Additionally, Counsel argued for a favorable sentence and contended that the fact Defendant's violations were less than total relapses should be considered. (*Id*. at 14-16.) To the extent Defendant appears to argue his counsel was ineffective for failing to advise him of the possibility of a 48 month sentence, Defendant has failed to show any prejudice. Defendant has failed to allege he would not have pled guilty to the violations and exercised his right to a hearing. Further, there is no showing that had there been a hearing, it would have resulted in a different outcome given the Court's reasons for meting out the 48 month sentence – Defendant's repeated bad behavior. Defendant has failed to meet the *Strickland* test; therefore, this claim is without merit.

Defendant next argues his appellate counsel was ineffective because counsel failed to meet with Defendant before the filing and did not conduct any "investigation" as to Defendant's personal situation. Defendant also argues appellate counsel was ineffective because he failed to cite *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999) in the appellate brief. The Court finds these

6

allegations fail the *Strickland* test.  It is well established that the "Constitution guarantees criminal defendants only a fair trial and a competent attorney.  It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle*, 456 U.S. at 133-34.  Defendant has argued appellate counsel's performance was constitutionally deficient because the appellate brief lacked a citation to a case the Sixth Circuit relied on in holding that the Court's sentence was *plainly reasonable*.  (*See* 6th Cir. Op., Dkt. No. 378 at 3, 5.)  The decision to cite a case in an appellate brief, in this context, cannot rise the level of error contemplated by *Strickland*, nor can Defendant show any prejudice.  Further, no prejudice can be shown by appellate counsel failing to investigate Defendant's situation.  The Court made a reasoned and exhaustive explanation on the record for its decision to sentence Defendant to 48 months custody for his supervised release violations; there is no "reasonable probability" that anything about Defendant's personal situation would have convinced the Sixth Circuit to reverse or vacate such a sentence. *Strickland*, 466 U.S. at 694.  As a result, this claim fails.

C.      Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined).  Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.  Furthermore, the analysis of the sufficiency of the claims

must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied.

## IV.   CONCLUSION

Therefore, the Court will deny Defendnant Roy Johnson's Motion to Vacate, Set Aside, or Correct Sentence. Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

Dated in Kalamazoo, MI:            /s/Richard Alan Enslen
April 5, 2007                      Richard Alan Enslen
                                   Senior United States District Judge